## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**JODY HERRING,**

        Petitioner,

    v.                    **CIVIL ACTION NO. 5:23-CV-24**
                               Judge Bailey

**WARDEN RAY,**

        Respondent.

## **REPORT AND RECOMMENDATION**

### I.  INTRODUCTION

On January 26, 2023, the *pro se* petitioner, Jody Herring ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], along with the $5.00 filing fee. Petitioner was convicted in the state of Vermont and is challenging her custody in the federal facility at SFF Hazelton in Bruceton Mills, West Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. BACKGROUND

**A.**    **Conviction and Sentence**

According to the petition, petitioner pleaded guilty to and was convicted of first-degree aggravated murder and three counts of second-degree murder in the Washington Superior Court in Barre, Washington County, Vermont. In November of 2017, petitioner was sentenced to life without parole.

1

**B.     The Instant Petition for Habeas Corpus Under § 2241**

In her petition, petitioner alleges that she was transported from custody in Vermont to federal custody in West Virginia in late February, 2020. She contends that she did not request or consent to be transferred to federal custody, and that her placement in federal custody outside of Vermont has prevented her from appealing her conviction or receiving assistance from friends or family in Vermont. For relief, she asks to be returned to a prison in Vermont.

### III.     LEGAL STANDARDS

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social**

***Servs.***, 901 F.2d 387 (4th Cir. 1990).  As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. ANALYSIS

By Federal and State agreement, Vermont prisoners may be incarcerated in the Federal Prison System.  18 U.S.C. § 5003; 28 V.S.A. § 706.  "The plain language, the legislative history, and the longstanding administrative interpretation of § 5003(a) clearly demonstrate that the provision is a broad charter authorizing the transfer of state prisoners to federal custody." ***Howe v. Smith***, 452 U.S. 473, 487 (1981).  In ***Howe***, the Supreme Court rejected the argument that a petitioner convicted in Vermont could only be transferred to federal custody if there had been a prior determination that the prisoner required treatment available in the federal prison system.  ***Id***.  The Court found that "[Section] 5003(a) authorizes contracts not simply for treatment, but also for the custody, care, subsistence, education, and training of state prisoners in federal facilities."  ***Id***. at 482.  There is no federal liberty interest in remaining in state custody.  ***Corgain v. Miller***, 708 F.2d 1241, 1252 (7th Cir. 1983).  Nor is a prisoner deprived of a federal liberty interest by an interstate prison transfer.  ***Olim v. Wakinekona***, 461 U.S. 238, 248 (1983).  Accordingly, the undersigned finds petitioner is not entitled to relief and the petition should be dismissed for failure to state a claim.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: January 31, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

4